UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Patricia GASPAR, as Next Friend to Manuel Sebastian CASTRO LARGO,<br><br>    *Petitioner*,<br><br>        v.<br><br>Jose FELICIANO, Warden, New Haven Correctional Center; Leo C. ARNONE, Commissioner, Connecticut Department of Corrections; and Connecticut Department of Corrections,<br><br>    *Respondents* | )<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>) Date: October 11, 2011<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION FOR WRIT OF HABEAS CORPUS,
<u>DECLARATORY AND INJUNCTIVE RELIEF</u>**

Petitioner Patricia Gaspar, on information and belief, alleges as follows:

1.      Petitioner Patricia Gaspar, as next friend to real party in interest Manuel Sebastian Castro Largo, respectfully applies to this Court for a writ of habeas corpus to remedy Mr. Castro Largo's unlawful detention by Respondents.

2.      Mr. Castro Largo was first arrested by the Meriden, Connecticut police department on October 6, 2011.  He was thereafter transferred to the custody of Respondents at the New Haven Correctional Center.

3.      On October 7, 2011, the Superior Court for the Judicial District of New Haven at Meriden ordered Mr. Castro Largo released on his own recognizance subject to a promise to appear.

4.      To date, Mr. Castro Largo remains in the custody of the Connecticut Department of Corrections, at the New Haven Correctional Center.

5.      An immigration "detainer," issued by the Department of Homeland Security

1

("DHS"), Immigration and Customs Enforcement ("ICE"), has been lodged against Mr. Castro Largo. DHS asserts that by federal regulation local law enforcement officials must detain the individual named in the detainer for up to 48 hours, excluding weekends and holidays. See 8 CFR § 287.7; Form I-247.

6. That detainer is now the sole basis for the Connecticut Department of Corrections' custody over Mr. Castro Largo.

7. Mr. Castro Largo, through a third party, contacted Anthony Collins, an immigration and criminal defense attorney in the Hartford area. Mr. Castro Largo did not retain Attorney Collins. On October 10, 2011, Attorney Collins contacted the clinical program at Yale Law School to inquire about the possibility of representation for Mr. Castro Largo.

8. Later that day, Cody Wofsy, a law student intern working under the supervision of undersigned counsel, traveled to the New Haven Correctional Center and requested to meet with Mr. Castro Largo. Staff at the Correctional Center refused to allow Mr. Wofsy access to the facility or to communicate any message to Mr. Castro Largo.

9. Staff of Respondents also advised Mr. Wofsy that his supervising attorney, undersigned counsel, would also not be permitted to meet with Mr. Castro Largo, if undersigned counsel presented themselves at the facility later on October 10, 2011.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred on this court by 28 U.S.C. §§ 1331, 2201-02, 2241, 2243, and the Habeas Corpus Clause of the U.S. Constitution.

11. Venue lies within the District of Connecticut, because Mr. Castro Largo is currently being held in custody in New Haven, Connecticut.

12. No petition for habeas corpus has previously been filed in any court to review this

case.

## PARTIES

13. Next friend and Petitioner Patricia Gaspar is a resident of Wallingford, Connecticut. She is a close friend of Mr. Castro Largo's family.

14. Manuel Sebastian Castro Largo (hereafter "Mr. Castro Largo") is presently detained in the New Haven Correctional Center.

15. Respondent Jose Feliciano is warden of the New Haven Correctional Center, located at 245 Whalley Avenue, New Haven, Connecticut 06511. Mr. Castro Largo is detained at the New Haven Correctional Center. Mr. Feliciano thus has physical and legal custody of Mr. Castro Largo, and is the immediate custodian for habeas corpus. He is sued in his official capacity.

16. Leo C. Arnone is Commissioner of the Connecticut Department of Corrections. Mr. Castro Largo is detained at the New Haven Correctional Center, a facility of the Connecticut Department of Corrections. Mr. Anrone thus has physical and legal custody of Mr. Castro Largo, and is also the immediate custodian for habeas corpus. He is sued in his official capacity.

17. The Connecticut Department of Corrections is an agency of the Connecticut state government. Mr. Castro Largo is detained at the New Haven Correctional Center, a facility of the Connecticut Department of Corrections.

## CLAIMS FOR RELIEF

### First Cause of Action:

### Fourth Amendment Violation

18. The allegations contained in paragraphs 1 through 17 above are repeated and alleged as though fully set forth herein.

19. 28 U.S.C. § 2241 empowers this Court to issue a writ of habeas corpus, ordering

the production of any person held "in violation of the Constitution or laws or treaties of the United States."

20. Petitioner is held in violation of the Constitution and laws of the United States. Upon information and belief, Superior Court ordered the Petitioner free on his own recognizance for the criminal charges on October 7, 2011. The Department of Corrections has no legal authority under which to hold Mr. Castro Largo in custody.

21. Mr. Castro Largo is held under the authority of the Department of Corrections, but without any basis in law.

22. Respondents' continued detention of Mr. Castro Largo violates his Fourth Amendment Constitutional right to be free from unreasonable seizure.

## Second Cause of Action:

## Fourth Amendment Violation: Ultra Vires.

23. The allegations contained in paragraphs 1 through 22 above are repeated and alleged as thought fully set forth herein.

24. Under 8 U.S.C. § 1357(d) Congress authorized the limited issuance of immigration detainers to detain non-citizen in local custody only for offenses related to controlled substance violations.

25. When local authorities hold non-citizens pursuant to an immigration detainer for an offense other than controlled substance violations, it exceeds the authority granted by Congress and is arbitrary and capricious, in excess of statutory jurisdiction.

26. Respondents' detention of Mr. Castro Largo pursuant to an <u>ultra vires</u> regulation violates his Fourth Amendment Constitutional right to be free from unreasonable seizure.

## Third Cause of Action:

**Fourth Amendment Violation: Detention in Excess of 48 hours.**

27. The allegations contained in paragraphs 1 through 26 above are repeated and alleged as through fully set forth herein.

28. Mr. Castro Largo is being held in violation of the Fourth Amendment prohibition against unreasonable searches and seizures, as incorporated against the states via the Fourteenth Amendment.

29. The continuing detention of Mr. Castro Largo, subsequent to a judge ordering him released on his own recognizance, is an unreasonable seizure because the authority for that detention is unlawful.

30. Immigration detainers issued by ICE purport to require state and local law enforcement officials to hold individuals in custody, without any basis in state law and solely as a means of enforcing federal civil immigration statutes, for up to 48 hours, excluding weekends and government holidays. *See* 8 C.F.R. § 287.7.

31. Given the severe restrictions on his liberty while incarcerated by the state, Mr. Castro Largo's continued detention amounts to a custodial arrest.

32. Because of this, and the fact that immigration detainers are not warrants issued upon probable cause, these detainer procedures violate the Fourth Amendment's requirement that an individual arrested without a warrant be brought before a neutral magistrate for a probable cause hearing within 48 hours of arrest, *irrespective* of weekends or holidays. County of Riverside v. McLaughlin, 500 U.S. 44 (1991); see also Gerstein v. Pugh, 420 U.S. 103 (1975).

33. As Mr. Castro Largo has been incarcerated now almost 96 hours, nearly twice the limit set as reasonable by County of Riverside, Respondents' detention of Mr. Castro Largo therefore violates his Constitutional right to be free from unreasonable seizures.

### Fourth Cause of Action:

### Fourth Amendment Violation: Commandeering of State Personnel

34.     The allegations contained in paragraphs 1 through 33 above are repeated and alleged as though fully set forth herein.

35.     Mr. Castro Largo is being held in violation of the Fourth Amendment prohibition on unreasonable search and seizure.  The continuing detention of Mr. Castro Largo, subsequent to a judge ordering him released on his own recognizance, is an unreasonable seizure because the authority for that detention is unlawful.  The detainer issued by ICE purports to require state and local law enforcement officials to hold individuals in custody, without any basis in state law, as a means of enforcing the federal civil immigration statutes.

36.     Such detainers violate the principle of dual sovereignty expressed by the 10th Amendment.  The federal government may not commandeer state personnel in order to implement federal regulatory programs.  Printz v. United States, 521 U.S. 898 (1997); see also New York v. United States, 505 U.S. 144 (1992).

37.     Because the detainer is unlawful, Mr. Castro Largo's detention violates his Constitutional right to be free from unreasonable seizures.

### Fifth Cause of Action:

### Due Process Violation

38.      The allegations contained in paragraphs 1 through 37 above are repeated and alleged as though fully set forth herein.

39.     Mr. Castro Largo is being held in violation of the Fourteenth Amendment's guarantee of the due process of law.  The Due Process Clause provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend.

XIV.

40. Freedom from physical restraint is a fundamental interest protected by the Due Process Clause. This liberty interest is threatened when an individual is subjected to unreasonable detention.

41. The continuing detention of Mr. Castro Largo subsequent to a judge ordering him released on his own recognizance is an unconstitutional deprivation of his liberty without the due process of law, infringing upon both his substantive and procedural due process rights.

### Sixth Cause of Action:

### Substantive Due Process

42. The allegations contained in paragraphs 1 through 41 above are repeated and alleged as though fully set forth herein.

43. Substantive due process principles forbid the infringement of fundamental liberty interests, unless the infringement is narrowly tailored to serve a compelling government interest.

44. Freedom from physical restraint is a liberty interest protected by substantive due process.  See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  As he is currently detained by the state past the point of his judicially authorized release, Mr. Castro Largo's fundamental liberty interests are being violated.

### Seventh Cause of Action:

### Procedural Due Process

45. The allegations contained in paragraphs 1 through 44 above are repeated and alleged as though fully set forth herein.

46. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of "liberty" interests protected under the Due Process Clause

of the Fourteenth Amendment.  See Mathews v. Eldridge, 424 U.S. 319, 332 (1976).

47. Detainers issued by ICE purport to require state and local law enforcement officials to hold individuals in custody, without any basis in state law or any judicial review, solely as a means of enforcing federal civil immigration statutes, for up to 48 hours, excluding weekends and government holidays.  See 8 C.F.R. § 287.7.

48. Under the Mathews balancing test, Mr. Castro Largo's private liberty interest is overwhelming.  The risk that he has been deprived of his liberty erroneously is high due to the fact that no court of law has adjudicated Mr. Castro Largo's continued detention.

49. The government's interest in the continued detention of Mr. Castro Largo is slight, considering that he is neither a flight risk nor a danger to the community.

50. Interpreting immigration detainers as authorizing Mr. Castro Largo's continued unauthorized detention without judicial review violates both his substantive and procedural due process rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

(1) Enter a judgment declaring that Respondents' detention of Mr. Castro Largo is unauthorized by statute and contrary to law;

(2) Issue a Writ of Habeas Corpus requiring Respondents to release Mr. Castro Largo forthwith;

(3) Award Petitioner her reasonable costs and attorney's fees; and

(4) Grant any other and further relief that this Court may deem fit and proper.

//
//
//
//
//
//

Respectfully submitted,

Dated: 10/11/11

_____/s/_____
Michael Wishnie, Esq. ct 27221
Trudy Rebert, Law Student Intern
Sirine Shebaya, Law Student Intern
Matthew Vogel, Law Student Intern
Cody Wofsy, Law Student Intern
The Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090
Phone: (203) 432-4800    Fax: (203) 432-1426
michael.wishnie@yale.edu
*Attorney for Petitioner*